## J. F. LOWRY v. RIAL SMITH.

### Decided February 23, 1906.

**1.—Open Account—Credits—Limitation.**

Plaintiff being indebted to defendant on open account turned over to him several carloads of lumber with the understanding that defendant should sell the same and credit plaintiff's account with his portion of the net proceeds, and any excess should be paid by defendant to plaintiff. The lumber was sold by defendant, and plaintiff's portion of the proceeds applied in satisfaction of his indebtedness. In a suit by plaintiff for the excess or balance over and above the account, the defendant plead that more than two years had elapsed between the delivery of the first cars of lumber and the filing of the suit. Held, because defendant had agreed to and had in fact applied the proceeds of the lumber to the payment of the account, the statute of limitation did not apply.

**2.—Same—Note as Item of Open Account.**

One of the items of defendant's account against plaintiff was a note executed by plaintiff and owned by defendant. This note being among the items of the account cancelled by credits, could not prevent the accounts from being offset one against the other.

**3.—Partnership Account—Offset.**

Where a creditor has separate accounts with the individual members of a partnership and agrees to account to them separately and individually for the proceeds of a certain transaction, he can not hold a balance due one of them for a debt owing by the partnership.

Appeal from the County Court of Smith County. Tried below before Hon. S. A. Lindsey.

*McCord & Bullock* and *Webb Jarvis,* for appellant.—Defendant's plea of limitation to so much of plaintiff's amount as was barred by limitation should have been sustained. Lowe v. Dawborn, 26 Texas, 508; Campbell v. Park, 33 S. W. Rep., 754; Walker v. Fearhahe, 52 S. W. Rep., 629; Ney v. Rothe, 61 Texas, 371; May v. Pollard, 28 Texas, 677; Hester v. Kay, 1 W. & W. Civ. App., 663.

Defendant had the right to hold the balance due plaintiff until the account due by Smith and Andrews was paid. Cohahen v. Schwartz, 32 S. W. Rep., 820; Richardson v. Vaughan, 86 Texas, 95; Campbell v. Parks, 33 S. W. Rep., 754.

*N. W. Brooks,* for appellee.—Because Lowry understood the relations between Smith and Andrews, of W. H. Andrews & Co., in regard to the lumber, he could not apply any part of Smith's half of the proceeds to the account he had against the partnership. Goode v. McCartney, 10 Texas, 195; Young v. Read, 25 Texas Sup., 117; Buzard v. Bank of Greenville, 67 Texas, 91; 1 App. Civ. Cases, sec. 613.

GILL, CHIEF JUSTICE.—This suit was brought by Rial Smith in the Justice Court to recover of J. F. Lowry a balance alleged to be due for lumber sold Lowry during the year 1901. The balance claimed was $135.97 which included interest. The defendant answered by general denial, a plea of settlement, limitation of two years, and set up a counter claim for which he prayed judgment. Plaintiff prevailed in the Justice Court. On appeal to the County Court there was again a verdict and judgment for plaintiff from which Lowry has appealed.

The following fact conclusions are fully supported by the record:

In the year 1901, Andrews & Co. were operating a saw mill. J. F. Lowry was engaged in the mercantile business. Rial Smith owned some timber and wishing to convert it into lumber for sale in the markets he arranged with Andrews & Co. that they should saw it for him, taking half the product for their labor. Thereafter he arranged with Lowry that the latter should sell the lumber for him and Andrews at $15 per 1,000 feet, pay $3 per thousand for hauling, and credit Smith with half the net proceeds and Andrews with the other half. Both Smith and Andrews had personal accounts with Lowry, and it was stipulated between Smith and Lowry that Smith's half of the lumber should be

credited upon Smith's account, Lowry to pay him the excess in cash if his interest in the proceeds of the lumber sold should exceed the amount of his account.

Between the first of March and the last of July, 1901, there was delivered to Lowry six carloads of lumber for which he was to pay $15 per 1,000 feet. The purchase price he credited half to Smith and half to Andrews, less the cost of hauling which Lowry either paid or became responsible for. The agreed value of these six cars of lumber was $841.90. After deducting the cost of hauling there was placed as a credit to Smith's account about $335.50. His total account with Lowry was $351.21.

On October 29, 1901, a car of lumber was delivered to Lowry, and another on November 29, 1901, the two aggregating $327.55 in value. Half of this, less the cost of hauling, was also credited to Smith. The latter was also given two other small credits not necessary to be further mentioned. This suit was brought September 4, 1903.

The principal contention of appellant is that the amount due for the first six cars of lumber was barred by the two years statute when this suit was filed. The accounts were not between merchant and merchant so the proposition would be applicable but for the fact that Lowry had not only agreed to credit Smith's half of the lumber upon Smith's account, but, according to his own admission, had actually done so. Lowry's account against Smith amounted to a little more than Smith's interest in the first six cars. All the items for which Lowry was liable to Smith in this suit accrued after October 1, 1901, and so are not in any event affected by the statute of limitations.

One of the items going to make up Lowry's account against Smith was a promissory note given by Smith to Andrews and sold and assigned by Andrews to Lowry. Appellant insists that Smith can not offset his open account for lumber against the note. The sufficient answer to this is that Lowry embodied the note in the account which was discharged by the credits entered by himself.

He further contends that Smith and Andrews were partners and that therefore Smith could demand nothing of him until the account of both Smith and Andrews had been satisfied. The record shows that Lowry knew the terms of the contract between Smith and Andrews and with this knowledge had agreed to credit to Smith's account half the value of the lumber. Whether Smith authorized certain items chargeable to Andrews to be charged to him and Andrews jointly was issuable and was found in favor of Smith.

The evidence upon the issue of accord and satisfaction was conflicting. The issue was submitted by a special charge requested by appellant and was found against him.

None of the objections to the charge of the court are meritorious and the evidence amply supports the verdict. The judgment is therefore affirmed.

*Affirmed.*